NOT FOR PUBLICATION                         (Docket Nos. 6, 8, 10, 18)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____ :
                                    :
SAMUEL CROKER, a minor by his       :
Parents and Natural Guardians,      :
et al.,                             :
                                    :
            Plaintiffs,             :   Civil No. 05-3054(RBK)
                                    :
      v.                            :   **OPINION**
                                    :
APPLICA CONSUMER PRODUCTS,          :
INC., et al.,                       :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

   This matter comes before the Court on separate motions by Defendants White Cross Sleep Products, Inc. ("White Cross"), Applica Consumer Products, Inc. ("Applica"), Bemco Associates, Inc. ("Bemco"), and Diamond Furniture, Inc. ("Diamond Furniture"), to dismiss Counts 6, 7, 8, 9, and 10 of the Complaint of Plaintiffs Samuel Croker, et al. ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e); and motion by Defendant Diamond Furniture for summary judgment of Plaintiffs' product liability claim under N.J.S.A. 2A:8C-1 et seq.

**I.  Background**

This litigation arises from the severe injuries sustained by minor Plaintiff Samuel Croker during a fire in his home on May 6, 2004. Plaintiffs claim the fire was started when a hair iron, manufactured by Defendant Applica, ignited a Bemco Ultra Poise mattress, manufactured by Defendant White Cross and purchased from Defendant Diamond Furniture. The mattress allegedly contained highly flammable urethane foam, which exacerbated the fire.

Plaintiffs filed suit in New Jersey Superior Court, Law Division, in Atlantic County on May 6, 2005, against Applica, Bemco, White Cross, Diamond Furniture, and Edward and Jacqueline Wade, the owners of the apartment where the fire occurred.[1] Defendants removed the action to this Court on diversity jurisdiction grounds on June 15, 2005.

**II.  Motion to Dismiss Counts 6, 7, 8, 9, and 10**

On June 22, 2005, Defendant White Cross moved to dismiss, or, in the alternative, for a more definite statement of Plaintiffs' claims under the New Jersey Consumer Fraud Act (Count 8) and for punitive damages (Count 10). Defendants Applica, Bemco, and Diamond Furniture joined White Cross's motions with regard to all New Jersey Consumer Fraud Act claims (Counts 6-9)

---

[1] Plaintiffs added Susan and Charles McKeown, Carpenter Co., and Tietex International, Ltd, as Defendants to the action on August 4, 2005.

and punitive damages claims (Count 10). Pursuant to the Order of the Honorable Ann Marie Donio, signed July 21, 2005, Plaintiffs provided an Amended Complaint on August 4, 2005, substantially augmenting their claims for violations of the New Jersey Consumer Fraud Act and for punitive damages.

Accordingly, because Plaintiffs have now amended their Complaint, Defendants' motion to dismiss is moot and will be denied without prejudice. See Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y. 1995) ("Defendants' motion to dismiss is addressed solely to the original complaint. . . . Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F. Supp. 64, 80 (D. Conn. 1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431 at *1 n.1 (D. Kan. 1989) (holding that "motion to dismiss . . . became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F. Supp. 1442, 1444 n.1 (N.D. Ga. 1984) (same). Should Defendants find that Plaintiffs' Amended Complaint does not ameliorate the alleged deficiencies, Defendants may file new motions to dismiss as they pertain to the Amended Complaint.

**III. Diamond Furniture's Motion for Summary Judgment**

**A.     Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. <u>Celotex</u>, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. <u>Id.</u> at 331. Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

4

### B. Summary Judgment Analysis

Diamond Furniture moves for summary judgment of Plaintiffs' product liability claim under N.J.S.A. 2A:8C-1 et seq., on the grounds that Diamond Furniture was merely an intermediate seller who neither manufactured, nor designed, the allegedly deficient mattress. As Diamond Furniture argues, N.J.S.A. 2A:58C-9 permits a "product seller [to] file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury." N.J.S.A. 2A:58C-9(a). In compliance with this provision, Robert Greed ("Greed"), the Chief Operating Officer and Vice President of Diamond Furniture, provided an affidavit identifying White Cross and Bemco as manufacturers of the mattress. (Def. Diamond Furniture Mot. Summ. J., filed Aug. 4, 2005, Ex. 2.) Defendants argue that this affidavit should relieve product seller Diamond Furniture of "all strict liability claims," pursuant to N.J.S.A. 2A:58C-9(b).

However, this affidavit exception is, in turn, subject to the carve-out provisions set forth in N.J.S.A. 2A:58C-9(d). Plaintiffs contend that Diamond Furniture therefore remains liable under N.J.S.A. 2A:58C-9(d)(2), which preserves product seller liability—regardless of any affidavit identifying the manufacturer—where "the product seller knew or should have known of the defect" or "the product seller was in possession of facts from which a reasonable person would conclude that the product

seller had or should have had knowledge of the alleged defect." See Seaman v. C.B. Fleet Holding Co., Inc., 2005 WL 1827944, *5 (D.N.J. 2005) (holding that a "pass-through retailer" could be liable under N.J.S.A. 2A:58C-9(d)(2), even after identifying manufacturer, if the retailer had knowledge of the product's harmful effects).

Plaintiffs argue that Diamond Furniture is a frequent retailer of mattresses and, therefore, should have known of the dangers of the urethane foam and other substances in the mattress it sold to Plaintiffs, particularly since considerable literature warns of these materials' combustibility. Plaintiffs contend further that Diamond Furniture's motion for summary judgment is premature because Plaintiffs have "not yet been afforded the opportunity to engage in discovery with Defendant, Diamond Furniture, wherein Plaintiff[s] could ascertain what information Diamond had available regarding the flaws in the mattress." (Pls.' Opp'n Mot. Summ. J., filed Aug. 15, 2005, at 10.) In reply, Diamond Furniture argues that Plaintiffs present no evidence to support their opposition, as required by Rule 56(e), and that Plaintiffs failed to submit the requisite Rule 56(f) affidavit and were therefore precluded from arguing that summary judgment was untimely.

Where a party opposing a motion for summary judgment produces an affidavit establishing that the party cannot "present

by affidavit facts essential to justify the party's opposition," Rule 56(f) authorizes the Court to "refuse the application for judgment" or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed. R. Civ. P. 56(f). This Rule provides for the more just adjudication of disputes by ensuring that parties are not "'railroaded' by a premature motion for summary judgment." Celotex, 477 U.S. at 326 (noting summary judgment not premature because parties had conducted discovery and the action had been ongoing for a year prior to petitioner's motion).

    The affidavit should specify "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Pastore v. Bell Telephone Co., 24 F.3d 508, 511 (3d Cir. 1994) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)). Where the plaintiffs establish that the evidence to support their theory is "in the hands of defendants . . . summary judgment should not be granted without affording plaintiffs an opportunity for discovery on the issue of concerted action." Bogosian v. Gulf Oil Corp., 561 F.2d 434, 444 (3d Cir. 1977).

    Plaintiffs eventually provided a Rule 56(f) affidavit, almost a month after filing their brief in opposition on August 15, 2005, and two weeks after Defendants filed their reply. Diamond Furniture subsequently filed a letter, attaching answers

to interrogatories relating to its knowledge of the mattress's alleged hazards. However, because neither of these filings were made within the time constraints established in Local Civil Rule 7.1, neither will be considered for the purposes of this motion.[2]

Nevertheless, the failure to attach a Rule 56(f) affidavit is not automatically fatal to the Rule 56(f) consideration if the requisite information is provided in the party's opposition to the summary judgment motion. St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); Mogyrossy v. Comfort Inn, 173 F.R.D. 134, 137-38 (E.D.Pa. 1997) ("[E]ven though the plaintiffs have not filed an affidavit, they have identified information that has yet to be discovered, shown that this information will affect summary judgment, and shown why the discovery has not previously been obtained."); but see Bradley v. U.S., 299 F.3d 197, 207 (3d Cir. 2002).

Plaintiffs explain in their opposition that they had not yet engaged in discovery with Diamond Furniture and therefore lacked access to evidence regarding its knowledge of the alleged deficiencies in the mattress. (Pls.' Opp'n at 10.) Given more

---

[2] Defendants filed their motion for partial summary judgment on August 4, 2005, setting a hearing date for September 2, 2005, which this Court later adjourned until September 16, 2005. Accordingly, any brief in opposition was due on or before September 2, 2005, with any reply due by September 9, 2005. See Local Civ. R. 7.1. Plaintiffs did not file their affidavit until September 12, 2005, and Diamond Furniture filed its letter on November 3, 2005.

complex circumstances, Plaintiffs' explanation would likely be inadequate to satisfy the technical Rule 56(f) requirements. Here, however, Plaintiffs have adequately described the information sought, how that evidence could feasibly oppose Defendant Diamond Furniture's motion, and why Plaintiffs were not privy to that information at the time of Diamond Furniture's motion. Plaintiffs have therefore established, for the purposes of the present motion, that their argument is made in good faith and that summary judgment would be premature absent additional discovery. <u>Pastore</u>, 24 F.3d at 511 (citations omitted) ("The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition."). Accordingly, Defendants' motion for summary judgment will be denied as premature.

    The accompanying Order shall issue today.

Dated: 3-10-06             S/Robert B. Kugler
                           ROBERT B. KUGLER
                           United States District Judge